# MSG

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DANON J. DOYLE**<br>**16 Catfish Lane,**<br>**Norristown, PA 19403**<br><br>     **Plaintiff**<br> **v.**<br><br>**MERRICK BANK CORP.**<br>**10705 S. Jordan Gtwy, Ste 200,**<br>**South Jordan, UT 84095**<br><br>**and Does 1-100, inclusive**<br><br>     **Defendants** | Civil Action No.   **1 7**  **2430** |

## COMPLAINT:

This is an action brought by Plaintiff DANON J. DOYLE for damages, statutory damages, punitive damages, restitution, interest, court costs, and injunctive relief under rights pursuant to Federal Statute 47 U.S.C. 227, and 47 C.F.R. 64 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of MERRICK BANK CORP. ("Merrick"), and DOES 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to collect a debt or otherwise solicit sales by utilization of an automatic telephone dialing system ("RoboCalls") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. Plaintiff also brings claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. Plaintiff demands a trial by jury, and complains and alleges as follows:

### I.  Introduction

1. Plaintiff brings this action to challenge Merrick's practices in the telephone

solicitation of its products and services, and the means by which it attempts to collect upon its debts. Specifically, Plaintiff challenges Merrick's and Merrick's agents' illegal telephone solicitations and RoboCalls by which it uses to contact consumers who may or may not owe Merrick money, and failure to maintain a Do-Not-Call list.

**2.** All of the claims asserted herein arise out of Merrick's illegal telephone solicitation and/or debt collection campaign and are a common fact pattern.

## II.     Jurisdiction and Venue

**3.** This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**4.** Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendant conducts business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Defendant has purposefully availed itself of the privileges of conducting business in the Commonwealth of Pennsylvania. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received.

## III.     Parties

**5.** Plaintiff DANON J. DOYLE ("Plaintiff") is an individual who received the alleged phone calls on his private mobile telephone line, 484-919-3060, mentioned herein. Plaintiff is an adult individual residing at 16 Catfish Lane, Norristown, PA 19403.

**6.** Defendant MERRICK BANK CORP. ("Merrick") is Utah based corporation and is

a financial institution that markets and sells, *inter alia,* a variety of credit cards to consumers throughout the United States. Merrick transacts business in, inter alia, Montgomery County, Pennsylvania, which lies within this Judicial District. Merrick Bank has a principal place of business located at 10705 S. Jordan Gtwy, Ste 200, South Jordan, UT 84095. Upon information and belief, Merrick Bank may be served via its registered agent, Brian W. Jones, at 10705 S Jordan Gateway #200, South Jordan, UT 84095.

**7.** Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

**8.** At all times herein mentioned, Merrick and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

**9.** At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## IV.    **Factual Allegations**

**10.** Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: a.) a valid injury in fact, b.) which is traceable to

the conduct of the defendants, and c.) and is likely to be redressed by a favorable judicial decision. See, Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6, and Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560. 29."

**11.** Prior to the events giving rise to this lawsuit, Plaintiff's mother, Louisa Butcher, used a mobile telephone number, 484-919-3060. Plaintiff's mother paid for the telephone service through Tracfone, a prepaid telephone service.

**12.** Plaintiff's mother is currently sixty-five (65) years old.

**13.** Prior to the events giving rise to this lawsuit, Plaintiff's mother was disabled. Plaintiff lived with his mother in order to take care of her health and well-being.

**14.** In September 2016, Plaintiff's mother had a stroke. Since that time, Plaintiff's mother has been hospitalized and has been incapacitated. She was, and remains, unable to speak and/or make legal decisions on her own behalf.

**15.** As Louisa Butcher's guardian, Plaintiff began using the telephone for himself, since his own service had run out of minutes and Plaintiff did not have enough money to purchase another phone or telephone service. Plaintiff purchased additional prepaid minutes for this phone at his own expense.

**16.** Plaintiff does not know the specific credit cards his mother previously used, however, Plaintiff suspects that his mother may have used a credit card issued by Merrick Bank prior to her incapacitation.

**17.** Plaintiff's mother has been unable to pay any of her outstanding bills due to her hospitalization and serious medical condition. Plaintiff's mother received Social Security Disability benefits as her sole source of income.

**18.** In or about January, 2017, Plaintiff received the first of multiple "RoboCalls" by

Defendants and/or their agents at Plaintiff's personal mobile telephone, 484-919-3060.
Plaintiff had not consented to this solicitation.

**19.** The incoming call displayed caller identification showing 1-866-874-0110, and
upon answering, Plaintiff heard a pre-recorded message. Plaintiff was ultimately connected
with an agent from Merrick Bank.

**20.** The unsolicited telephone call was placed to Plaintiff's personal mobile
telephone number and utilized an "automatic telephone dialing system" or "RoboCall," to
transmit a message, as prohibited by 47 U.S.C. § 227(b)(1)(B).

**21.** The telephone call was a "RoboCall" because there was a delay before an agent
answered the phone, and because Plaintiff heard a pre-recorded message.

**22.** Plaintiff pays for each incoming and outgoing call on his telephone under a
prepaid minutes arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

**23.** Plaintiff spoke to an agent from Merrick Bank, who informed him that
Plaintiff's mother owed Merrick money from a delinquent credit card bill. Plaintiff
informed Merrick that his mother had been indefinitely incapacitated and hospitalized with
a stroke, and that she was unable to pay.

**24.** Plaintiff was distressed that his mother was receiving debt collection calls,
which only further served to remind Plaintiff of her sad and deteriorating condition, causing
him great anxiety and emotional upset.

**25.** Plaintiff informed Merrick that they were calling the wrong number and that
they were reaching him, not his mother.

**26.** Plaintiff demanded that Merrick never call him again, and demanded that
Merrick place his number on their Do-Not-Call list.

**27.** Merrick Bank failed to comply with his reasonable request.

**28.** While Plaintiff's mother might have provided the Defendants with her prior express consent to receive calls or RoboCalls, Plaintiff clearly and in plain terms revoked that consent verbally.

**29.** Defendants continued to call Plaintiff's telephone using the same caller identification, 1-866-874-0110. On many occasions, Plaintiff answered the phone to attempt to tell Merrick to stop calling once again, but the call(s) would disconnect prior to him being connected with an agent.

**30.** On multiple occasions thereafter, Plaintiff called the Defendants back and told them they had the wrong number and to stop calling.

**31.** Plaintiff became very frustrated that these incoming calls were costing him money, since he pays for each minute through Tracfone.

**32.** Defendants continued to call Plaintiff through May 24, 2017.

**33.** Plaintiff searched his call records and documented at least sixteen (16) calls from Merrick Bank. Plaintiff alleges that he received dozens of additional calls beyond those that he has documented. Plaintiff will seek the leave of the Court to amend his complaint to include additional calls he received from the Defendants, after ascertaining further information and documentation through the discovery process.

**34.** These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

**35.** Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls for debt collection or sales purposes on his

personal mobile telephone.

**36.** Plaintiff had no prior business relationship with any one, more, or all of Defendants.

**37.** The RoboCalls violated various portions of 47 U.S.C. § 227 and 47 CFR § 64.1200.

## First Cause of Action

(Negligent Violation of the TCPA "Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

**38.** Plaintiff incorporates and re-alleges, as though fully set forth herein, each of the paragraphs above.

**39.** As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

**40.** Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call" Prohibition, 47 U.S.C. § 227 et
seq.)

**41.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**42.** As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

**43.** Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

**44.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above

**45.** As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227, et. seq., Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the private right of action.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et

seq.)

**46.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**47.** As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

**48.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**49.** As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and

every violation, pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

**50.**  Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**51.**  As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action

Violations of the Fair Debt Collection Practices Act (FDCPA)

**52.**  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**53.**  Plaintiff is a "consumer" defined by 15 U.S.C. § 1692a(3) of the FDCPA.

**54.**  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**55.**  Any alleged debts at issue arose out of a transaction(s) which were primarily for personal, family or household purposes.

**56.**  Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct: Deliberately and knowingly harassing Plaintiff in an attempt to coerce him into paying his mother's purported debt(s), despite Plaintiff's demands to Defendant to stop calling.

**57.**  Plaintiff informed Defendant that his mother was sick and incapacitated with a

stroke, but Defendants continued to call.

**58.** Plaintiff informed Defendants that Louisa Butcher no longer used the telephone number in question, yet Defendants continued to call.

**59.** Plaintiff informed Defendant that Plaintiff's mother did not have the ability to pay, and that Plaintiff would not pay for his mother's debts. Defendants continued to call.

**60.** Defendant otherwise used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect any debt.

**61.** Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff and/or Plaintiff's sick mother to pay monies relating to the debt and any inaccurate information surrounding it.

**62.** As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## **WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

## **I.     PRAYER FOR RELIEF**

On Causes of Action 1-6:

**1.** For awards of $500 for each negligent violation as set forth in actions 1-6;

**2.** For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-6.

**3.** Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

On Cause of Action 7:

4. Statutory damages in the amount of $1,000.

5. Actual damages.

6. Damages for emotional and mental distress.

7. Punitive damages

8. Attorney's fees and costs

For All Causes of Action:

9. Prejudgment interest at the maximum legal rate;

10. Costs of suit herein incurred; and

11. All such other and further relief as the Court deems proper.

## V.     **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: 5/30/2017

Danon J. Doyle
*Plaintiff Pro Se*
16 Catfish Lane
Norristown, PA 19403
(484) 919-3060
Danpa21@hotmail.com

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

**17** 2430

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DANON J. DOYLE<br>16 CATFISH LANE,<br>NORRISTOWN, PA 19403 | MERRICK BANK CORP<br>10705 S. JORDAN GTWY, STE 200<br>SOUTH JORDAN, UT 84095 |

**(b)** County of Residence of First Listed Plaintiff   MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   SALT LAKE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DANON J. DOYLE
16 CATFISH LANE,
NORRISTOWN, PA 19403 PHONE: 484-919-3060

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Telephone Consumer Protection Act, 227 U.S.C., et. seq, Fair Debt Collection Practices Act, 15 U.S.C. § 1681
Brief description of cause:
Defendants called Plaintiff on his cell phone in a harassing manner to collect a debt.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
05/30/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**FOR THE** [MSG logo] **DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 16 Catfish Lane, Norristown, PA 19403

Address of Defendant: 10705 S. Jordan Gtwy, Ste 200, South Jordan, UT 84095

Place of Accident, Incident or Transaction: By phone call to my private telephone

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X All other Federal Question Cases
    (Please specify) Federal Telephone Consumer Protection Act

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Danon J. Doyle _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/30/2017 _____    Danon J. Doyle, _____    PLAINTIFF PRO SE

Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/30/2017 _____    Danon J. Doyle _____    PLAINTIFF PRO SE

Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

**MSG**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

DANON J. DOYLE                                   :           CIVIL ACTION
                                                 :
            v.                                   :
                                                 :
MERRICK BANK CORP                                :           NO.   17    2430

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                            (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                     (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                        (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)


5/30/2017                    Danon J. Doyle                    PLAINTIFF PRO SE
_____            _____            _____
**Date**                     **Attorney-at-law**              **Attorney for**

(484) 919-3060                                                Danpa21@hotmail.com
_____            _____            _____

**Telephone**                **FAX Number**                   **E-Mail Address**


(Civ. 660) 10/02