UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANON J. DOYLE, | : Civil Action No. 2:17-cv-02430-MSG |
| Plaintiff, | : Honorable Mitchell S. Goldberg |
| v. | : |
| MERRICK BANK CORP., | : |
| Defendant. | : |

## ORDER

AND NOW, this _____ day of _____, 2017, upon consideration of Defendant Merrick Bank Corporation's Motion to Dismiss, the Motion is GRANTED and the first, second, and seventh causes of action in the Complaint are DISMISSED.

_____
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANON J. DOYLE, | : | Civil Action No. 2:17-cv-02430-MSG |
| Plaintiff, | : | Honorable Mitchell S. Goldberg |
| v. | : | |
| MERRICK BANK CORP., | : | |
| Defendant. | : | |

## MOTION TO DISMISS

Merrick Bank Corporation ("Merrick Bank") requests that the Court dismiss the first, second, and seventh causes of action in the Plaintiff's Complaint for the reasons set forth in Merrick Bank's supporting brief, which Merrick Bank incorporates by reference.

Dated: June 29, 2017

Respectfully submitted,

/s/ Dorothy A. Davis
Dorothy A. Davis, I.D. No. 34958
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
ddavis@eckertseamans.com
(412) 566-5953 (Telephone)

Richard J. Nalbandian, I.D. No. 312653
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
rnalbandian@eckertseamans.com
(215) 851-8249 (Telephone)

Attorneys for Defendant
Merrick Bank Corporation

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANON J. DOYLE, | : | Civil Action No. 2:17-cv-02430-MSG |
| Plaintiff, | : | Honorable Mitchell S. Goldberg |
| v. | : | |
| MERRICK BANK CORP., | : | |
| Defendant. | : | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Merrick Bank Corporation ("Merrick Bank") submits the following Brief in Support of Merrick Bank's Motion to Dismiss the first, second, and seventh causes of action in Plaintiff's Complaint:

### INTRODUCTION

Merrick Bank requests that the Court dismiss the first, second, and seventh causes of action in Plaintiff's Complaint, which allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### BACKGROUND

Plaintiff, Danon J. Doyle ("Plaintiff"), claims that Merrick Bank is liable under the TCPA and FDCPA for telephone calls that Merrick Bank allegedly made to Plaintiff's cellular phone. Plaintiff contends that Merrick Bank placed "robocalls" to his cellular phone, without prior express consent, regarding a debt owed by his mother, the former user the phone. *See* Complaint, ¶¶ 15, 18. Plaintiff alleges that his call records document at least 16 calls from Merrick Bank from January 2017 through May 24, 2017. *See id.* at ¶¶ 18, 32-33.

Merrick Bank denies that Plaintiff's claims have merit. Merrick Bank denies that the calls at issue were made to the phone number associated with Plaintiff without prior express consent, and further denies that it made any calls to that number after Plaintiff's purported attempt to revoke consent to receiving calls. However, even accepting Plaintiff's allegations as true, the Complaint fails to allege the requisite elements to state a claim for violations of the provisions set forth in the Complaint's first, second, and seventh causes of action. With respect to Plaintiff's first and second causes of action, which allege violations of 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2) (relating to the establishment of a national do-not-call registry), the Complaint is devoid of any allegation that the phone number associated with Plaintiff was listed on the national do-not-call registry. With respect to Plaintiff's seventh cause of action, which alleges violations of various sections of the FDCPA, Plaintiff fails to adequately plead any "false, deceptive, misleading, unfair or unconscionable" conduct by Merrick Bank necessary to state a claim under that statute. Accordingly, the first, second, and seventh causes of action in Plaintiff's Complaint are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a Complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). While a Complaint need not include comprehensive and detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although a court must

accept well-pleaded factual allegations as true, a Complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## ARGUMENT

A. <u>Plaintiff's First and Second Causes of Action are Subject to Dismissal</u>

In his first cause of action, Plaintiff alleges "negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2)" and seeks $500.00 in statutory damages for each violation. *See* Complaint, ¶ 39. In his second cause of action, Plaintiff alleges "knowing and/or willful violations" of those same provisions and seeks up to $1,500.00 for each violation. *See id.* at ¶ 42.

47 U.S.C. § 227(c)(3)(f) pertains to the establishment of the national do-not-call registry. That section provides, in relevant part:

> The regulations required by paragraph (2) may require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations, and to make that compiled list and part thereof available for purchase. If the Commission determines to require such a database, such regulations shall –
>
> ***
>
> (F) prohibit any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database.

47 U.S.C. § 227(c)(3)(f). Similarly, 47 C.F.R. 64.1200(c)(2) provides, in relevant part, that "[n]o person or entity shall initiate any telephone solicitation to … [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 64.1200(c)(2).

3

Here, the Complaint does not raise any allegation that the phone number at issue was listed on the national do-not-call registry at any time. To the extent that Plaintiff is asserting that Merrick Bank violated the TCPA by failing to honor an alleged company-specific do-not-call request (which Merrick Bank denies), those allegations are already raised in Plaintiff's fifth and sixth causes of action and would be duplicative.

Accordingly, Merrick Bank requests that the Court dismiss Plaintiff's first and second causes of action pursuant to Fed. R. Civ. P. 12(b)(6).

**B.  Plaintiff's Seventh Cause of Action is Subject to Dismissal**

In his seventh cause of action, Plaintiff alleges violations of various sections of the FDCPA; namely, 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f. *See* Complaint, ¶ 56. The Complaint fails to allege sufficient factual detail to state a claim for violation of the FDCPA and, thus, dismissal of this count is also warranted.

The FDCPA prohibits debt collectors from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Such prohibited conduct includes:

> (2) The false representation of –
>
> > (A) the character, amount, or legal status of any debt;
>
> ***
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*See id.*

Similarly, the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. That section prohibits the following conduct:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
> (2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.
> (3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.
> (4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.
> (5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
>  (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>  (B) there is no present intention to take possession of the property; or
>  (C) the property is exempt by law from such dispossession or disablement.
> (7) Communicating with a consumer regarding a debt by post card.
> (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

*Id.*

Here, the Complaint fails to allege that Merrick Bank engaged in any conduct specifically prohibited by sections 1692e or 1692f of the FDCPA, or any other conduct that could reasonably be construed as false, deceptive, misleading, unfair or unconscionable. The Complaint merely raises the conclusory allegation that Merrick Bank "used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt" and makes a vague reference to "inaccurate information surrounding" the debt. *See* Complaint, ¶¶ 60, 61. Such conclusory allegations are not entitled to a presumption of truth and are insufficient to state a claim for violation of the FDCPA. *See, e.g., Major v. Kochalski*, No. 16-5252, 2016 WL 7228878, at *2, n. 17 (E.D. Pa. Dec. 12, 2016) (holding that allegations which "merely parrot the applicable statutory language ... are not entitled to the assumption of truth").

Plaintiff's only specific allegation with respect to the FDCPA states that Merrick Bank "[d]eliberately and knowingly harass[ed] Plaintiff in an attempt to coerce him into paying his mother's purported debt(s), despite Plaintiff's demands to Defendant to stop calling." *See* Complaint, ¶ 56. Plaintiff pleads no details as to how Merrick Bank attempted to coerce him into paying the debt at issue. Plaintiff's allegation that he can document receiving at least 16 calls from Merrick Bank over a five-month period, alone, is insufficient to state a claim under the FDCPA. *Compare Forrest v. Geppact Services, LLC*, 962 F. Supp. 2d 734, 737 (M.D. Pa. 2013) (plaintiff's allegation that defendant called 225 times in 54–day time-period was sufficient to plead cause of action under FDCPA).

Accordingly, Merrick Bank requests that the Court dismiss Plaintiff's seventh cause of action pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Based on the foregoing, Merrick Bank requests that the Court grant the instant motion and dismiss the first, second, and seventh causes of action in Plaintiff's Complaint.

Dated:  June 29, 2017

Respectfully submitted,

/s/ Dorothy A. Davis
Dorothy A. Davis, I.D. No. 34958
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
*ddavis@eckertseamans.com*
(412) 566-5953 (Telephone)

Richard J. Nalbandian, I.D. No. 312653
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
*rnalbandian@eckertseamans.com*
(215) 851-8249 (Telephone)

Attorneys for Defendant
Merrick Bank Corporation

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANON J. DOYLE, | : | Civil Action No. 2:17-cv-02430-MSG |
| Plaintiff, | : | Honorable Mitchell S. Goldberg |
| v. | : | |
| MERRICK BANK CORP., | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2017, the foregoing Motion to Dismiss and Brief in Support of Motion to Dismiss were filed electronically with the Clerk of Court and are available for viewing and downloading from the ECF system. I further certify that on June 29, 2017, I caused a true and correct copy of the Motion and Brief to be served via First Class U.S. Mail, postage prepaid, upon the following:

Danon J. Doyle
16 Catfish Lane
Norristown, PA 19403

/s/ Dorothy A. Davis
Dorothy A. Davis, I.D. No. 34958
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
ddavis@eckertseamans.com
(412) 566-5953 (Telephone)

Richard J. Nalbandian, I.D. No. 312653
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
rnalbandian@eckertseamans.com
(215) 851-8249 (Telephone)